### IN RE THE REALTY VOTERS.

The proviso which concludes the second paragraph of article 2, section 2, of the Constitution of Rhode Island, is in its application limited to that paragraph.

THE Constitution of the State of Rhode Island, of November, 1842, article 2, provides :

"SECT. 1. Every male citizen of the United States, of the age of twenty one years, who has had his residence and home in this State for one year, and in the town or city in which he may claim a right to vote six months next preceding the time of voting, and who is really and truly possessed in his own right of real estate in such town or city of the value of one hundred and thirty four dollars over and above all incumbrances, or which shall rent for seven dollars per annum over and above any rent reserved or the interest of any incumbrances thereon, being an estate in fee simple, fee tail, for the life of any person, or an estate in reversion or remainder, which qualifies no other person to vote, the conveyance of which estate, if by deed, shall have been recorded at least ninety days, shall thereafter have a right to vote in the election of all civil officers, and on all questions in all legal town or ward meetings, so long as he continues so qualified.   And if any person hereinbefore described shall own any such estate within this State out of the town or city in which he resides, he shall have a right to vote in the election of all general officers and members of the General Assembly in the town or city in which he shall have had

his residence and home for the term of six months next preceding the election, upon producing a certificate from the clerk of the town or city in which his estate lies, bearing date within ten days of the time of his voting, setting forth that such person has a sufficient estate therein to qualify him as a voter; and that the deed, if any, has been recorded ninety days.

" SECT. 2. Every male native citizen of the United States, of the age of twenty one years, who has had his residence and home in this State two years, and in the town or city in which he may offer to vote six months next preceding the time of voting, whose name is registered pursuant to the act calling the convention to frame this Constitution, or shall be registered in the office of the clerk of such town or city at least seven days before the time he shall offer to vote, and before the last day of December in the present year; and who has paid or shall pay a tax or taxes assessed upon his estate within this State, and within a year of the time of voting, to the amount of one dollar, or who shall voluntarily pay, at least seven days before the time he shall offer to vote, and before said last day of December, to the clerk or treasurer of the town or city where he resides, the sum of one dollar, or such sum as with his other taxes shall amount to one dollar, for the support of public schools therein, and shall make proof of the same, by the certificate of the clerk, treasurer, or collector of any town or city where such payment is made; or who, being so registered, has been enrolled in any military company in this State, and done military service or duty therein, within the present year, pursuant to law, and shall, until other proof is required by law, prove by the certificate of the officer legally commanding the regiment, or chartered or legally authorized volunteer company in which he may have served or done duty, that he has been equipped and done duty according to law, or by the certificate of the commissioners upon military claims that he has performed military service, shall have a right to vote in the election of all civil officers, and on all questions in all legally organized town or ward meetings, until the end of the first year after the adoption of this Constitution, or until the end of the year eighteen hundred and forty three.

" From and after that time, every such citizen who has had the

residence herein required, and whose name shall be registered in the town where he resides, on or before the last day of December, in the year next preceding the time of his voting, and who shall show by legal proof that he has for and within the year next preceding the time he shall offer to vote paid a tax or taxes assessed against him in any town or city in this State, to the amount of one dollar, or that he has been enrolled in a military company in this State, been equipped and done duty therein, according to law, and at least for one day during such year, shall have a right to vote in the election of all civil officers, and on all questions in all legally organized town or ward meetings : *Provided*, that no person shall at any time be allowed to vote in the election of the city council of the city of Providence, or upon any proposition to impose a tax, or for the expenditure of money in any town or city, unless he shall within the year next preceding have paid a tax assessed upon his property therein, valued at least at one hundred and thirty four dollars."

Doubts having arisen whether the proviso which concludes section 2 as above cited was confined in its application to the paragraph in which it stands, or applied also to section 1, the Governor, acting under article 10, section 3, of the Constitution of the State, which provides that "the judges of the Supreme Court shall give their written opinion upon any question of law whenever requested by the Governor," requested upon this point the opinion of the justices of the court.

OPINION OF THE COURT.

*November* 16, 1882.

*To His Excellency Alfred H. Littlefield, Governor of the State of Rhode Island and Providence Plantations :*

We have received from your Excellency a communication, requesting our opinion upon the following question, to wit:

"Does the proviso in section 2, of article 2, of the Constitution of this State apply to owners of real estate in the city of Providence, so that such owners, being otherwise entitled to vote in the election of the city council of the city of Providence, or upon any proposition to impose a tax, or for the expenditure of money in

said city, cannot vote unless they have paid the tax assessed upon their real estate in said city, valued as in said proviso mentioned, within the time limited in said proviso ? "

In reply to this question we have to say that our opinion is, that the proviso mentioned is simply a proviso to the last clause of section 2, and only limits the right of voting conferred by that clause. That clause confers the right broadly ; the proviso introduces a qualification. It is true the words "no person " used in the proviso are comprehensive enough, taken absolutely, to extend to voters under the first as well as under the second section. But, in our opinion, they are not to be taken absolutely. They are to be taken as part of a proviso to the last clause of section 2, and, so taken, they mean " no person " of the classes of persons there designated. If we go back to section 1, we find this view strongly confirmed by the structure of the section. It confers the right of voting on citizens who have freehold qualifications. It gives them the right to vote " in the election of all civil officers, and on all questions in all legal town or ward meetings." A right to vote for " all civil officers " of course includes a right to vote for city councilmen of the city of Providence. There is nothing in section 1 to restrain the right to voters who have paid their taxes. The section is complete in itself, and ought to be construed by itself, unless it is clearly qualified by some provision elsewhere in the Constitution. The section was copied with some variations, immaterial to the question here, from the statute prescribing the qualification for freemen, which existed prior to the Constitution. Under the statute, the freeman's right to vote in any election, or on any question, was not dependent on the payment of taxes. The presumption is that the right was intended to be preserved without abridgment. There is reason, too, for a discrimination in favor of the real estate voter, inasmuch as his real estate is immovable, and if his taxes are not paid, they are, nevertheless, secured or securable on it. Moreover, unless we are misinformed, this is the construction which has been acted upon ever since the Constitution went into effect, and which has been repeatedly recognized by the legislature and the courts. In a matter of this kind, a uniform, practical, and especially a legislative construction, is entitled to great authority.

In conclusion, we repeat that our opinion is that the proviso does not apply to the real estate voters of the city of Providence, or in any way abridge their right to vote for city councilmen in said city.

> THOMAS DURFEE,
> CHARLES MATTESON,
> JOHN H. STINESS,
> P. E. TILLINGHAST,
> G. M. CARPENTER, JUN.